UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H.,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 22-cv-00977-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

Plaintiff Michael H. ("Plaintiff") has filed a Complaint against Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner"), seeking judicial review of the Commissioner's final decision denying his application for social security disability insurance benefits under the Social Security Act. (ECF No. 1.)  The parties have consented to the disposition of the case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c).  (ECF No. 4.)

Presently before the Court is Plaintiff's Motion for Leave to proceed *In Forma Pauperis* ("IFP Motion").  (ECF No. 2.)  For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion.

1

## I. LEGAL STANDARD

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

///
///
///
///
///
///

## II. DISCUSSION

Here, Plaintiff has not paid the $402[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in his affidavit of assets: He is unemployed, but he receives $3,950 per month in disability benefits. (*Id.* ¶¶ 1, 2.) His wife currently works at Kaiser Permanente and makes $7,600 per month. (*Id.* ¶¶ 2, 3.) Plaintiff has $25,000 in his savings account and $450 in his checking account. (*Id.* ¶ 4.) Plaintiff's wife has $5,000 in her savings account and $200 in her checking account. (*Id.*) Plaintiff claims that he and his wife do not have any assets, including a home or vehicle, but later asserts that he and his wife bought their home when they were both fully employed. (*Id.* ¶¶ 5, 11.) Plaintiff and his wife support three minor children. (*Id.* ¶ 7.)

Plaintiff and his wife almost evenly split their mortgage payment of $3,950 (total) per month. (*Id.* ¶ 8.) Plaintiff spends $560 per month on a motor vehicle, $200 per month on transportation, and $90 per month on vehicle insurance. (*Id.*) Plaintiff also spends $420 per month on utilities and home maintenance, while his wife spends $480. (*Id.*) Plaintiff and his wife each spend $450 per month on food, $150 on clothing, $30 on dry cleaning, $60 on taxes, and $100 on homeowner's insurance. (*Id.*) Plaintiff spends $50 per month on recreation, $25 per month on medical and dental expenses, and $100 per month on his credit card. (*Id.*) Plaintiff's wife spends $100 per month on recreation, $150 per month on medical and dental expenses, $500 per month on her credit card, $640 per month on her motor vehicle, $500 per month on transportation, $90 per month in motor vehicle insurance, $180 per month in life insurance, and $120 per month in health insurance. (*Id.*)

---

[1]   *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf (eff. May 24, 2021) (imposing a $52 administrative fee for filing a civil action, suit, or proceeding).

Plaintiff's wife also spends $800 per month on their children's activities. (*Id.*) Collectively, Plaintiff and his wife spend $45 more than they take in each month. (*Id.*)

The Court finds that Plaintiff's affidavit of assets reflects that he can pay the court filing fee and still afford the necessities of life. Although Plaintiff claims that he often borrows from his savings for bills, he does not meet the threshold for alleging poverty.[2] (*See* ECF No. 2 ¶ 11.) Notably, Plaintiff states that he has $25,000 in his personal savings account and receives $3,950 per month in disability benefits (which amounts to $47,400 per year).[3] *See, e.g.*, *Tod M. v. Kijakazi*, No. 21-cv-1997-LL, 2021 WL 6622288, at *1 (S.D. Cal. Dec. 20, 2021) (denying IFP motion where the plaintiff's monthly expenses are approximately $200 for food, which he pays for with food stamps, but he has assets including a home valued at $250,000, a vehicle valued at $1,500, and a second vehicle valued at $1,200); *Martin v. Franks*, No. 10-cv-1408-BEN (BGS), 2010 WL 2730647, at *1 (S.D. Cal. July 9, 2010) (denying IFP motion where the plaintiff receives $1,591.50 per month in social security and has a bank account with a balance of approximately $300). According, Plaintiff's IFP Motion is **DENIED**.[4]

///

---

[2]  Although permissible, the Court does not need to consider Plaintiff's spouse's assets to reach its conclusion. *See Escobedo*, 787 F.3d at 1236 (holding "a reasonable inquiry into the actual availability of the spouse's assets must be made" only if a court relies "on the income or assets of a litigant's spouse to assess eligibility for IFP status").

[3]  *See* 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (2022 federal poverty guideline for a household of five is $32,470 per year).

[4]  The Court has also reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

## III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's IFP Motion (ECF No. 2). Plaintiff shall pay the filing fee within **30 days** of the date this Order is docketed. If the filing fee is not paid by this date, the Clerk of the Court shall dismiss the case without prejudice and close the case without further order from the Court.

**IT IS SO ORDERED.**

Dated: August 24, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge