UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL H.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security Administration,

Defendant.

Case No.: 22-cv-0977-MSB

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) [ECF NO. 27]**

On June 16, 2026, Martha Yancey ("Petitioner"), counsel for Plaintiff Michael H. ("Plaintiff"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), requesting that the Court award attorney's fees in the amount of $37,393.00. ECF No. 27 ("Motion"). For the reasons set forth below, the Court **GRANTS** the Motion.

## I. BACKGROUND

On July 1, 2022, Plaintiff initiated the instant civil action against the Commissioner of Social Security ("the Commissioner"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision to deny Plaintiff's application for disability insurance benefits. ECF No. 1. On November 17, 2023, the Commissioner filed the Administrative Record. ECF No. 12. On May 03, 2024, the parties filed a Joint Motion for Judicial Review, in which Plaintiff asked the Court to reverse the Commissioner's

decision and either award him benefits or remand the action to the Social Security Administration ("SSA") for further administrative proceedings pursuant to 42 U.S.C. § 405(g). ECF No. 19. On September 23, 2024, the Court reversed the Commissioner's decision and remanded the action to the SSA for further administrative proceedings. ECF No. 23.

On December 13, 2024, the parties filed a Joint Motion for the Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 25. That same day, the Court granted the Joint Motion and awarded attorney's fees in the amount of $8,500.00 under the EAJA, 28 U.S.C. § 2412(d), and costs for $402.00 under 28 U.S.C. § 1920. ECF No. 26.

On June 16, 2026, Petitioner filed the instant Motion, seeking attorney's fees in the amount of $37,393.00, pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). ECF No. 27. In support of the Motion, Petitioner explains that Plaintiff prevailed on remand to the SSA. Id. at 3. The SSA sent a letter stating that it was withholding $37,393.00, representing the balance of 25% of Plaintiff's past-due benefits, in anticipation of direct payment of an authorized attorney's fees. Id. Petitioner contends that an award of $37,393.00 is reasonable given Petitioner "had not requested any fee beyond the amount withheld by the Social Security Administration for potential payment of an authorized fee for counsel's federal-court work." Id. at 4. Petitioner acknowledges Plaintiff is owed a credit for the fees that were previously awarded by this Court under the EAJA; however, Petitioner incorrectly reports "Plaintiff received $9,000.00," whereas Plaintiff was actually awarded $8,500.00. Cf. id. at 5; ECF No. 26.

On June 17, 2026, the Court issued a briefing schedule in which the Court notified Plaintiff of her right to oppose the Motion and ordered any such opposition or response be filed by July 17, 2026. ECF No. 28 at 2. Plaintiff did not respond. On July 17, 2026, the Commissioner responded that "the Commissioner neither supports nor opposes [Petitioner]'s request for attorney's fees under 42 U.S.C. § 406(b)" but requested the

Court direct Petitioner to reimburse any fees previously received under the EAJA to Plaintiff. ECF No. 29 at 3.

## II. LEGAL STANDARD

Under the Social Security Act, a court that has rendered a judgment in favor of a Social Security claimant who was represented by an attorney may award attorney's fees in a "reasonable" amount, not to exceed twenty-five percent[1] of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). District courts have an affirmative duty to ensure that the attorney's fees sought are "reasonable." Id. at 1149. The United States Supreme Court has explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, [Section] 406(b) calls for court review of such arrangements as **an independent check**, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding [twenty-five] percent of the past-due benefits . . . Within the [twenty-five] percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (emphasis added). When evaluating the reasonableness of attorney's fees under Section 406(b), the court should consider the character of the representation and the results achieved. Id. at 808; Crawford, 586 F.3d at 1151.

---

[1] The Court notes that the twenty-five percent cap set forth in Section 406(b) applies only to fees for representation before a federal court and not to aggregate fees awarded for representation before both a federal court and the SSA. Culbertson v. Berryhill, 586 U.S. 53, 59 (2019); see also Ricardo A. v. Saul, No. 3:19-cv-00846-AHG, 2021 U.S. Dist. LEXIS 34644, at *7 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he [twenty-five percent] cap set forth in Section 406(b)(1)(A) applies solely to attorney['s] fees for representation in federal court.").

After reviewing the contingent-fee agreement, the court should consider reductions based on the following factors: (1) whether the attorney's performance was substandard, (2) whether the attorney engaged in dilatory conduct, and (3) whether the requested fees are excessively large in relation to the benefits achieved, i.e., whether the attorney would receive a "windfall." Crawford, 586 F.3d at 1150–52. With respect to the third factor, the Ninth Circuit has noted that attorneys assume significant risk in accepting Social Security cases, including the risk that no benefits will be awarded or that there will be a long court or administrative delay in resolving the case. Id. at 1152.

In Social Security cases, attorney's fees are paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Id. at 1147 (citing Gisbrecht, 535 U.S. at 802). Attorneys in such cases are permitted to seek recovery under both the EAJA and Section 406(b), but the attorney must refund the amount of the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012).

## III. DISCUSSION

The contingency-fee agreement between Plaintiff and Petitioner provides that Petitioner is to receive twenty-five percent of Plaintiff's past-due benefits upon a successful federal appeal. ECF No. 27 at 1-2. On remand, the Commissioner awarded Plaintiff benefits. ECF No. 27 at 3. Thereafter, Social Security Administration sent a letter stating that it was withholding $37,393.00, representing the balance of 25% of Plaintiff's past-due benefits, in anticipation of direct payment of an authorized attorney's fee. Id.; ECF No. 27-1. Petitioner seeks attorney's fees in the amount of $37,393.00. ECF No. 27 at 3-4. Accordingly, the attorney's fees sought are within the twenty-five percent statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Therefore, the Court will consider the character of the representation and the results achieved to determine whether the fee is reasonable. See Gisbrecht, 535 U.S. at 808; see also Crawford, 586 F.3d at 1151.

As to the first and second factors, the Court finds that no reduction of fees due to substandard performance or dilatory conduct is warranted. See Crawford, 586 F.3d at 1151. Petitioner attached a detailed billing statement to support her claim that she spent 39.4 hours on Plaintiff's case. ECF No. 27-4. She thoroughly reviewed the Administrative Record, conducted legal research, conferred with Plaintiff, drafted a settlement proposal for the Commissioner, and a compelling brief that achieved positive results within a reasonable time frame. ECF Nos. 27 at 4-5; 27-4. Petitioner's efforts ultimately resulted in a favorable decision for Plaintiff on remand, including an award of substantial past-due benefits. ECF No. 27 at 5. Petitioner notes that she has been practicing law for twenty-two years, she is a member of two state bar associations, she was the sole attorney representing Plaintiff before this Court, and she did not delay the case. Id. Petitioner also attached a detailed billing statement which indicates that she expeditiously reviewed the case, conducted legal research, and achieved positive results within a reasonable time frame. ECF No. 27-4. Thus, there is no evidence of substandard performance or dilatory conduct.

As to the third factor, the Court finds that the attorney's fees sought are not excessively large in relation to the benefits achieved. See Crawford, 586 F.3d at 1151–1152. Petitioner spent 39.4 hours on this case at a rate of approximately $949.06 per hour. ECF No. 27 at 4; ECF No. 27-4. Petitioner's rate is well within the range that this Court has found to be appropriate. See, e.g., Roland S. v. Kijakazi, No. 20-cv-01068-AHG, 2023 U.S. Dist. LEXIS 189176, at *9 (S.D. Cal. Oct. 20, 2023) (finding an effective hourly rate of $1,438.35 reasonable); Watkins v. O'Malley, No. 21-cv-101-BLM, 2024 U.S. Dist. LEXIS 93524, at *6 (S.D. Cal. May 24, 2024) (finding an effective hourly rate of $1,566.00 reasonable); Reddick v. Berryhill, No. 16-cv-29-BTM-BLM, 2019 U.S. Dist. LEXIS 91736, at *5 (S.D. Cal. May 30, 2019) (finding an effective hourly rate of $1,990.00 reasonable on reconsideration). Therefore, there is nothing in the record to suggest Petitioner delayed

this litigation to amass more in potential fees or otherwise offered substandard performance.

In further support of its finding, the Court acknowledges that Petitioner assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis. "[C]ourts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss . . . ." Ayersman v. Berryhill, No. 17-cv-1121-WQH-JMA, 2021 U.S. Dist. LEXIS 1253, at *6 (S.D. Cal. Jan. 4, 2021) (citations omitted); Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 U.S. Dist. LEXIS 121060, at *10 (C.D. Cal. July 19, 2018) (noting that "[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement"). Here, Petitioner assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis, and Petitioner's work ultimately resulted in a highly favorable result for Plaintiff, who raises no opposition. See generally Dkt. The Court thus concludes that Petitioner's request for attorney's fees in the amount of $37,393.00 is reasonable.

Critically, while attorneys are permitted to seek fees under both the EAJA and Section 406(b), they must refund the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796. Accordingly, Petitioner must refund to Plaintiff the $8,500.00 in fees previously awarded by this Court under the EAJA. See ECF No. 25.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion, **AWARDS** attorney's fees to Petitioner in the amount of $37,393.00, and **ORDERS** Petitioner to reimburse Plaintiff in the amount of $8,500.00 for the fees previously awarded by this Court under the EAJA. See id.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Honorable Michael S. Berg
United States Magistrate Judge